**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAY G. KIMPEL,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>ROBERT WALKER, Doctor; P.<br>JAYASUNDARA, N.P.,<br><br>      Defendants - Appellees. | No. 10-56296<br><br>D.C. No. 3:08-cv-01734-LAB-<br>JMA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Former California state prisoner Jay G. Kimpel appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  We reverse and remand.

The district court concluded that Kimpel failed to allege either the deprivation of a serious medical need or that defendants acted with deliberate indifference to his needs.  However, Kimpel alleged that defendants discontinued his prescription medication needed to treat serious nerve damage in his arm, causing him unbearable pain for almost a year; that they found Kimpel's consequent suffering to be "funny"; and that they attempted to interfere with medical treatment Kimpel sought from other doctors.  These allegations are sufficient to state an Eighth Amendment violation.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he knew that prisoner faced a substantial risk of harm and disregarded that risk); *Jett v. Penner*, 439 F.3d 1091, 1095, 1097-98 (9th Cir. 2006) (two month delay in receiving treatment for fractured thumb and nineteen-month delay in being seen by hand specialist, causing pain and diminished use of hand, is sufficient to state deliberate indifference claim); *see also Knievel*, 393 F.3d at 1072 (at the pleading stage, allegations in plaintiff's complaint must be taken as true and construed in the light most favorable to him).

Accordingly, we reverse and remand for further proceedings consistent with our disposition.

Kimpel's pending requests for action in his case are denied as moot.

Kimpel's motions for copies of court papers are denied.

**REVERSED and REMANDED.**